**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5188

GUY MARION WILLIAMS, a/k/a Guy
Marrion Williams,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-94-635, CR-94-923)

Submitted: April 15, 1996

Decided: April 29, 1996

Before ERVIN and MOTZ, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Sean Kittrell, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Guy Marion Williams pled guilty to a three-count indictment, which charged him with armed robbery, in violation of 18 U.S.C. § 1951(a) (1988); use of a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (1988); and, with violations of the felon-in-possession-of-a-firearm and the armed-career-offender statutes under 18 U.S.C. §§ 922(g) & 924(e) (1988). He also pled guilty to a three-count information, which charged him with armed robbery, in violation of 18 U.S.C. § 2113(d) (1988); carjacking, in violation of 18 U.S.C. § 2119 (1988); and, escape, in violation of 18 U.S.C. § 751 (1988). The district court sentenced Williams to serve a total of 360 months imprisonment.

Williams now appeals his conviction and sentence. Williams' counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but indicating that, in his view, there are no meritorious issues for appeal. Williams was served with a copy of his counsel's brief and was notified of his right to file a pro se supplemental brief; he failed to do so.

Williams' counsel presented the following issues for review: whether the district court erred when it refused to allow Williams to withdraw his guilty plea; whether Williams was entitled to an acceptance-of-responsibility reduction in the calculation of his sentence; and, whether the district court erred by refusing a downward departure based on coercion and duress. Finding no reversible error, we affirm Williams' conviction and sentence.

To justify the withdrawal of a guilty plea, a defendant has the burden of showing a "fair and just" reason for the withdrawal, even if the government has not shown that it would be prejudiced thereby.[1] The

_____

[1] **United States v. Moore**, 931 F.2d 245 (4th Cir.), cert. denied, 502 U.S. 857 (1991).

2

district court held an evidentiary hearing to ascertain whether such a fair and just reason existed. Finding none, the district court denied Williams' motion to withdraw his plea. At the evidentiary hearing, Williams did not present any credible evidence that his plea was not knowingly or voluntarily given.[2] At no time did he assert his actual innocence of the pending charges nor did he show that his attorney provided ineffective assistance and that but for his attorney's poor advice he would have pleaded not guilty and insisted on going to trial.[3] Finally, there was a three-month delay between the entry of the plea and the motion to withdraw.[4] In considering these relevant factors, we find no abuse of discretion and affirm.

Williams also contends that the district court erred by failing to grant him an acceptance-of-responsibility adjustment in the calculation of his sentence. The district court has great discretion in applying this adjustment and is not bound by the recommendation of the presentence report.[5] After his arrest for bank robbery, Williams did cooperate with state and federal investigators by providing the names of his co-conspirators, confessing his involvement in an earlier jewelry store robbery, and providing incriminating information against a key government informant's involvement in a large drug case. But before Williams entered his plea, he escaped from the state law enforcement officials and immediately thereafter burglarized a private residence. After his recapture, he entered his guilty pleas. Later, during an unsuccessful attempt at a second escape, he assaulted a prison guard.

A defendant is only eligible for the acceptance-of-responsibility adjustment if he demonstrates an affirmative acceptance of responsibility for his criminal conduct.[6] Therefore, a defendant's continued criminal conduct justifies denying the adjustment. [7] We find that Wil-

_____

[2] **Id.** at 248.
[3] **United States v. DeFreitas**, 865 F.2d 80, 82 (4th Cir. 1989).
[4] **See United States v. Craig**, 985 F.2d 175 (4th Cir. 1993) (eight-week delay, combined with other factors, supported district court's denial of withdrawal motion).
[5] **United States v. White**, 875 F.2d 427, 431 (4th Cir. 1989).
[6] **United States v. Harris**, 882 F.2d 902, 907 (4th Cir. 1989).
[7] **United States v. Kidd**, 12 F.3d 30 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3705 (U.S. Apr. 25, 1994) (No. 93-8489).

liams did not successfully meet his burden of proof and that the district court did not abuse its discretion in denying Williams the acceptance-of-responsibility adjustment.

Finally, Williams' claim that the district court erred by refusing a downward departure based on coercion and duress is without merit. A district court's refusal to depart, either up or down, is not reviewable on appeal.[8] For the foregoing reasons, we affirm Williams' conviction and sentence.

In accordance with the requirements of Anders , we have examined the entire record in this case and find no potentially meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[8] **United States v. Bayerle**, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).

4