**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4327

TEDDY VARNEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-173)

Submitted: April 29, 1997

Decided: May 22, 1997

Before WIDENER, WILLIAMS, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

R. Clarke VanDervort, ROBINSON & MCELWEE, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Margaret A. Hickey, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Teddy Varney appeals from a district court judgment entered pursuant to his plea of guilty to charges that he violated 18 U.S.C. § 371 (1994), by conspiring to steal United States Treasury checks from residential mailboxes. The district court sentenced Varney to 21 months imprisonment, denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1* and departing upward from the applicable guideline based on its determination that a criminal history category of V rather than IV more accurately reflected Varney's prior criminal conduct. Varney's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the court's denial of a reduction and decision to depart. Finding no error, we affirm.

The record discloses that, while on bond pending sentencing pursuant to his plea of guilty to violating section 371, Varney was arrested on charges of forging and uttering a stolen social security check, an offense similar to the offenses charged in his federal indictment. Moreover, around the time of his arrest federal officials learned of five more criminal matters pending against Varney in West Virginia, some of which were also for crimes similar to those charged in his federal indictment. The district court denied a reduction for acceptance of responsibility based on this criminal conduct. Although Varney points out that he admitted to his criminal conduct and fully cooperated with law enforcement authorities, we have previously held that continued criminal conduct following the defendant's indictment and plea agreement provides a proper basis for denying a reduction under § 3E1.1, even despite a defendant's cooperation and acknowledgement of wrongdoing. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993).

We review the district court's decision to depart upward from the

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995)

2

applicable guideline range for an abuse of discretion. See United States v. Koon, ___ U.S. ___, 64 U.S.L.W. 4512, 4516-17 (U.S. June 13, 1996) (Nos. 94-1664/8842); United States v. Rybicki, 96 F.3d 754, 756-57 (4th Cir. 1996). Guideline section 4A1.3 authorizes a sentencing court to depart from the otherwise applicable guideline range where the defendant's criminal history category underrepresents his past criminal conduct or the likelihood that he will commit future crimes. Hence, where, as in this case, the district court has found the existence of atypical circumstances or consequences surrounding the offense of conviction, section 4A1.3 "encourages" a departure. See United States v. Hardy, 99 F.3d 1242, 1250 (1st Cir. 1996).

Encouraged factors are an appropriate basis for departure if not already taken into account by the applicable guideline. See Rybicki, 96 F.3d at 757-58. Section 4A1.3(e) of the guidelines explicitly acknowledges that departure is appropriate where the defendant has committed prior similar adult criminal conduct that has not resulted in a criminal conviction. In this case, there was no dispute that Varney was guilty of such conduct.

Under these circumstances, we find that the district court did not abuse its discretion by finding that a departure was warranted. Moreover, we find the extent of the court's departure to be reasonable, as the court merely raised Varney's criminal history category from IV to V. Accordingly, we affirm the district court's judgment order.

In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3