UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4719

CLIVE ALEXANDER GRANT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-96-8-F)

Submitted: July 24, 1997

Decided: August 4, 1997

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Ayers, II, STUBBS, PERDUE & AYERS, P.A., New Bern,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, William A. Webb, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Clive Alexander Grant appeals the sentence imposed by the district court on his guilty plea for his role in a conspiracy to possess with the intent to distribute crack cocaine. See 21 U.S.C. § 841(a)(1) (1994); 21 U.S.C. § 846 (1994); see also 18 U.S.C. § 924(c) (1994). Specifically, Grant claims that the district court erred in denying him the benefit of a reduction in offense level for the acceptance of responsibility. United States Sentencing Commission, Guidelines Manual § 3E1.1 (Nov. 1995). Finding no merit to Grant's contention, we affirm the district court's judgment.

Grant pleaded not guilty the day before the selection of the jury was to begin in his criminal trial. Grant changed his plea the next morning prior to voir dire. The original presentence investigation report (PSR) prepared in advance of sentencing suggested reducing Grant's total offense level by two based on his acceptance of responsibility. However, the probation officer filed a second PSR, which reported an unserved warrant charging Grant with assault on a government officer arising from an incident in the New Hanover County Jail. Based on the incident, the probation officer omitted the adjustment for acceptance of responsibility. Grant objected to the omission of the reduction, but did not make a factual objection to the inclusion of the incident at the jail in the PSR.

This court reviews a denial of an adjustment for acceptance of responsibility under USSG § 3E1.1 under a clearly erroneous standard. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993). A district court's ruling is clearly erroneous only where the reviewing court is left with the "definite and firm conviction that a mistake has been made." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Grant contends that the record does not contain any grounds on which district court could premise the denial of his adjustment for the acceptance of responsibility. In doing so, he suggests that the report regarding the outstanding warrant cannot form the basis for the denial of the adjustment because the Government failed to produce evidence to support the allegation.

2

This suggestion ignores the burden of proof with regard to allegedly inaccurate information in a PSR. The defendant has the burden of showing that information in the presentence report which he disputes is unreliable or inaccurate. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Grant presented no evidence whatsoever at the sentencing hearing, much less any evidence that would cast doubt on the veracity of the probation officer's report. Furthermore, Grant did not object to the portion of the amended PSR which provided the factual basis for the denial of the adjustment. See Fed. R. Crim. P. 32(c)(3)(D). It appears from the record that the thrust of his contention before the district court was that on the facts as they stood, he was entitled to the adjustment.

A sentencing court properly denies the reduction despite a defendant's guilty plea and cooperation where he continues his criminal conduct after his indictment and plea agreement. See Kidd, 12 F.3d at 34. An assault against a prison guard is strong evidence that Grant has not fully accepted his responsibility for his conduct. Consequently, this court is not left with a "definite and firm conviction" that the district court made a mistake in declining to reduce Grant's offense level. In addition, because the timeliness of an admission of responsibility is a factor which the district court may properly consider, see United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994), the fact that Grant waited until the day of his trial to finally plead guilty further buttresses the district court's conclusion that Grant was not entitled to the adjustment.*

Finding that the district court did not clearly err in denying Grant

_____

*We note that there was no written plea agreement in this case. This court has recently observed that "justice requires and common sense dictates memorializing the terms of [a] plea agreement." United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997). However, in this case, Grant does not suggest that the oral plea agreement contained a provision that the acceptance of responsibility reduction was material to the plea agreement, or was a part of the agreement at all. Consequently, unlike McQueen, this case does not turn on an alleged breach of the plea agreement. See id. at 65-66. Any error that might have been engendered by the failure to reduce the agreement to writing was therefore harmless. See Fed. R. Crim. P. 52.

3

the benefit of the offense level adjustment for acceptance of responsibility, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4