**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4110

MARCIA RENEE RAY PERRY, a/k/a
Marcia R. Perry,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-97-46, CR-97-47)

Submitted: September 8, 1998

Decided: October 16, 1998

Before WIDENER, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Harry L. Hobgood,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marcia Renee Ray Perry appeals the 57-month sentence she received after she pled guilty to two counts of credit card fraud, 18 U.S.C.A. § 1029(a)(2), (c)(1) (West Supp. 1998), and two counts of making false claims, 18 U.S.C. § 287 (1994). Perry contends that the district court clearly erred in denying her an adjustment for acceptance of responsibility because of her continued criminal conduct while she was released on bond pending trial, see USSG § 3E1.1,**1** and abused its discretion when it departed above criminal history category VI, see USSG § 4A1.3, p.s. We affirm.

Between October and December 1996, Perry used two credit cards belonging to her father without his permission to obtain over $30,000. In January 1997, Perry filed two tax returns, one in her own name and one under a false name, and received refunds of $9,218 and $10,676, based on wages she falsely claimed to have earned working for her father in 1996. Perry was arrested in February 1997 and released on bond. Over the next several months, she committed numerous additional frauds in attempts to obtain money, jewelry, a car, and other items. A bond hearing was scheduled, but Perry failed to appear. Sometime during the summer, she was arrested on state charges. In September 1997, she entered a guilty plea to the instant federal offenses.

Because Perry continued her criminal conduct after she was indicted, in violation of the conditions of her pretrial release, the district court determined that she had not accepted responsibility for her conduct underlying the federal offenses. Perry argues on appeal that she was entitled to an adjustment for acceptance of responsibility because she entered a guilty plea and discussed her criminal conduct

_____

**1 U.S. Sentencing Guidelines Manual** (1997).

2

candidly with the probation officer.**2** We review the district court's decision for clear error. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993). While a guilty plea may be evidence of acceptance of responsibility, it may also be outweighed by conduct inconsistent with acceptance of responsibility. See USSG § 3E1.1, comment. (n.3). Consequently, denial of the adjustment based on post-indictment criminal conduct was not clearly erroneous. See Kidd, 12 F.3d at 34.

Next, Perry contends that the district court abused its discretion when it departed upward on the ground that criminal history category VI was inadequate. She argues that her prior record was not serious enough to warrant a departure because her offenses were non-violent. A sentencing court is encouraged to depart upward when a defendant's criminal history category does not adequately reflect the seriousness of her past criminal conduct or the likelihood that she will commit further crimes. See USSG § 4A1.3. When a factor being considered as a basis for departure is an encouraged factor, a court must determine whether or not it has been adequately taken into account by the applicable guideline. See United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997) (citing Koon v. United States , 518 U.S. 81, 96 (1996)). The district court's decision that an encouraged factor has not been adequately taken into account by the applicable guideline is reviewed de novo. See United States v. Rybicki, 96 F.3d 754, 757-58 (4th Cir. 1996).

This court has previously held that a departure above category VI is possible when the district court determines that category VI under-represents the seriousness of the defendant's criminal history. See United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992). Here, the district court found that a departure was justified because Perry had twenty-five criminal history points and a record of almost continuous fraudulent behavior beginning in 1980. Moreover, approximately eighty-eight worthless check convictions were excluded from her criminal history under USSG § 4A1.2(c).**3** Therefore, we cannot find that the district court erred in deciding to depart above category VI.

---

**2** Perry was candid only about the use of her father's credit cards. She said she did not remember filing the false tax returns.
**3** Under USSG § 4A1.2(c), sentences for certain offenses, including insufficient funds checks, are not counted unless (1) the sentence was a term of probation of at least one year or imprisonment of at least 30 days, or (2) the prior offense was similar to an instant offense. Perry's sentences consisted of restitution, court costs, fines, a suspended sentence, and unsupervised probation.

3

Perry also claims that the extent of the departure--the equivalent of an increase of four offense levels--was unreasonable. Criminal history category VI (the highest criminal history category) accounted for only thirteen of Perry's twenty-five criminal history points. The district court extrapolated four theoretical higher criminal history categories to account fully for Perry's twenty-five criminal history points,[4] and then moved down the sentencing table by four offense levels to account for the extrapolated criminal history categories. See Cash, 983 F.2d at 561 & n.6 (approving increase in offense levels to structure departure above criminal history category VI). The departure increased the sentencing range from 33-41 months to 51-63 months. We do not find that the district court abused its discretion in deciding to depart by that extent.

Finally, Perry maintains that the court failed to explain why the intermediate levels were inadequate. See Cash , 983 F.2d at 561 n.7 (in departing for inadequacy of criminal history, court should depart to next higher category and move to still higher category only on finding that next higher category inadequately reflects seriousness of defendant's record) (citing United States v. Rusher, 966 F.2d 868, 884, 890 (4th Cir. 1992)). While the district court did not give a separate explanation of inadequacy for each higher offense level, its rationale of advancing one level to account for each additional three criminal history points was self-explanatory, and complied with the dictates of Rusher and Cash.

We therefore affirm the sentence. The government's motion to submit the case on the briefs is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[4] The court found that 13-15 criminal history points would constitute category VI, 16-18 points would constitute category VII, 19-21 points would constitute category VIII, 22-24 points would constitute category IX, and 25 points would constitute category X.