30 F.3d 131
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jerry FRANKLIN, Defendant-Appellant.
 No. 93-5971.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided Aug. 3, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-93-157-2)
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 OPINION
 Rion Brady, Archdale, NC
 
 1
 Benjamin H. White, Jr., and Sandra J. Hairston, Greensboro, NC
 
 
 2
 M.D.N.C.
 
 
 3
 AFFIRMED.
 
 PER CURIAM:
 
 4
 Jerry Franklin appeals the sentence of 188 months imposed on him following his guilty plea to possession of 583 grams of crack cocaine with intent to distribute (Count Two), and possession of 145 grams of cocaine hydrochloride (Count Three), both in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994). He contends that the district court clearly erred in denying him a three-level adjustment for acceptance of responsibility under guideline section 3E1.1.* We affirm.
 
 
 5
 In late June or early July 1993, local authorities in Durham, North Carolina, were informed by a confidential source that Tyrone Sadler was selling cocaine and storing it at an apartment rented for him by Janet Scott. The source said Sadler had brought two men from New York to work for him and that they were using the apartment, which had only one furnished room, a bedroom.
 
 
 6
 Sadler was arrested on June 28, 1993, at the Raleigh-Durham airport with 3.5 grams of cocaine. Authorities in Queens, New York, advised that he was on probation there, and that Jerry Franklin and Michael Charles Aniton were working for Sadler. During surveillance of the apartment, several Durham drug dealers were observed going in and out of the apartment, as well as two men who fit the descriptions of Franklin and Aniton.
 
 
 7
 The apartment was searched on July 14, 1993, and Franklin and Aniton were discovered there. The crack and cocaine and $2894 in cash were in a box in the furnished bedroom. The second bedroom contained a quantity of new clothes, shoes, and electronic equipment. A scale was in the kitchen closet, and receipts and pieces of paper with Mr. Sadler's and Mr. Franklin's initials or names and amounts of money on them were found in various places in the apartment.
 
 
 8
 Franklin pled guilty to possession of the crack and cocaine with intent to distribute. However, in his interview with the probation officer, Franklin stated that he and Aniton had come to Durham from New York looking for work and that Janet Scott had offered them the use of an extra apartment she was renting. He said he and Aniton had found the drugs and money in a knapsack under some bushes while walking to the store a few days before the search. Franklin said they thought about selling the drugs, but because they did not know anyone in Durham, they did nothing with the drugs or the money.
 
 
 9
 Co-defendant Aniton, who had entered an identical guilty plea, gave substantially the same account to the probation officer in his interview. The two men differed slightly in their account of how many people had visited the apartment during their stay, and in their explanation of who Janet Scott was and how they knew her. The probation officer recommended no reduction for acceptance of responsibility.
 
 
 10
 At the sentencing hearing, defense counsel argued that Franklin had demonstrated his acceptance of responsibility by admitting possession of the drugs and admitting that he had not turned the drugs in to the police when he found them, thereby permitting the inference that he and Aniton intended to use or distribute them at some point. The district court found that Franklin's story was not credible and that he had not accepted responsibility. No reduction was given.
 
 
 11
 A two-level reduction is available under guideline section 3E1.1(a) to a defendant who accepts responsibility for his offense. A further one-level reduction may be given to a defendant who accepts responsibility and enters a timely guilty plea or provides timely and complete information about his involvement in the offense. U.S.S.G. Sec. 3E1.1(b). A defendant has the burden of demonstrating by a preponderance of the evidence that he has accepted responsibility, United States v. Harris, 882 F.2d 902, 907 (4th Cir.1989), and the district court's determination that he has not done so will not be disturbed unless it is clearly erroneous. United States v. Kidd, 12 F.3d 30, 34 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3705 (U.S.1994).
 
 
 12
 Franklin's innocent explanation for his possession of the drugs and money conflicted with the surveillance evidence that drug dealers were frequenting the apartment and with the evidence of drug dealing gathered in the search of the apartment. Because Franklin did not truthfully admit the conduct comprising the offense to which he pled guilty, the district court did not clearly err in denying him the adjustment. U.S.S.G. Sec. 3E1.1, comment. (n.1(a)).
 
 
 13
 Franklin has requested permission to file a supplemental pro se brief in which he argues that there was no conclusive evidence that drugs were distributed from the apartment, or at least no evidence that drugs were distributed by him. He contends that his admission of the elements of the offense should have been enough to earn him the adjustment. We grant Franklin's motion to file a supplemental brief, but do not find his arguments persuasive.
 
 
 14
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)