37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo L. LOVING, Defendant-Appellant.
 No. 94-5033.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1994.
Decided Oct. 20, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-93-191)
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Asst. Federal Public Defender, Charleston, WV, for Appellant.
 Rebecca A. Betts, U.S. Atty., J. Kirk Brandfass, Asst. U.S. Atty., Charleston, WV, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lorenzo L. Loving was initially charged in state court with drug trafficking. The state charges were dismissed after a federal grand jury issued a one-count indictment charging Loving with conspiracy to distribute and possess with intent to distribute heroin and marijuana, 21 U.S.C.A. Sec. 846 (West Supp.1994). He was released on bond and subsequently tested positive twice for cocaine and twice for marijuana before his bond was revoked. On the same day, he entered a guilty plea to the conspiracy charge, and was eventually sentenced to a term of fifteen months. He appeals this sentence, alleging that the district court clearly erred in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). We affirm.
 
 
 2
 The district court found that by continuing his drug use, in violation of the law and in violation of the conditions of release, Loving failed to demonstrate acceptance of responsibility. One factor to be considered in deciding whether a defendant has accepted responsibility is whether he has voluntarily terminated his criminal conduct. USSG Sec. 3E1.1, comment. (n.1(b)).
 
 
 3
 Loving points out that rehabilitation is not a factor in the determination of acceptance of responsibility. United States v. Braxton, 903 F.2d 292, 296 (4th Cir.1990), rev'd on other grounds, 500 U.S. 344 (1991). He contends that the district court in effect required him to rehabilitate himself from his drug addiction to demonstrate an acceptance of responsibility. He contends that United States v. Kidd, 12 F.3d 30 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3705 (U.S.1994), and United States v. Underwood, 970 F.2d 1336 (4th Cir.1992)--in which this Court upheld the denial of an acceptance of responsibility adjustment because of continued drug use--were wrongly decided.
 
 
 4
 We find no conflict between Braxton and the holdings in Kidd and Underwood. In this case, the district court did not require Loving to cure himself of drug addiction. It simply held him accountable for his continued criminal conduct and his failure to abide by the conditions of release as he had agreed to do when he was released on bond. Loving's argument on appeal that he should have been given the adjustment because he could not control his actions does not bolster his assertion that he has accepted responsibility for his conduct.
 
 
 5
 Loving also argues that the district court recognized that he had accepted responsibility by pleading guilty, but wrongly found that his acceptance came too late. The record discloses that Loving attempted to convince the district court that he had accepted responsibility, and that timeliness was the only issue. The court did not accept this view. Although the court acknowledged that Loving's guilty plea was a significant indication that he had accepted responsibility for his offense, the court found that it was outweighed by other conduct inconsistent with acceptance of responsibility. See USSG Sec. 3E1.1, comment. (n.3).
 
 
 6
 The sentence imposed is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED