**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4847

SEAN PATRICE CLARKSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-95-49)

Submitted: April 17, 1997

Decided: June 16, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles C. Henderson, Trenton, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, William A. Webb, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sean Patrice Clarkson appeals from his sentence. Clarkson pled guilty to one count of conspiracy to possess with the intent to distribute heroin, cocaine, and cocaine base in violation of 21 U.S.C. § 846 (1994), and was sentenced to 108 months imprisonment. Clarkson's only contention in this appeal is that the sentencing court erred by refusing to reduce his offense level by three levels based on acceptance of responsibility. See United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1995).

It is undisputed that Clarkson submitted two positive urine screens for cocaine while he was on pretrial release in violation of the conditions of his bond. Further, he denied any involvement with selling drugs during any part of the conspiracy to the probation officer. We find that the district court did not clearly err, see United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991), by finding that Clarkson was not entitled to a reduction in his offense level for acceptance of responsibility based on his continued drug use following his arrest and prior to sentencing. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993) (continued use and illegal distribution of cocaine after indictment and plea agreement); United States v. Underwood, 970 F.2d 1336, 1338-39 (4th Cir. 1992) (continued use of marijuana after entering into plea agreement).

Accordingly, Clarkson's sentence is affirmed. We deny Clarkson's motion requesting the appointment of another attorney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2