**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 97-4295**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES EDWARD JACKSON, a/k/a Amy,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge. (CR-95-12)

---

Submitted: August 28, 1997      Decided: September 12, 1997

---

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Elgine Heceta McArdle, MUSSER & MCARDLE, L.C., Wheeling, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Edward Jackson pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine, 21 U.S.C. § 846 (1994), and was sentenced to a term of 210 months imprisonment. He contends that the district court clearly erred in finding that he had not accepted responsibility for his offense. United States Sentencing Commission, Guidelines Manual § 3E1.1 (Nov. 1996). We affirm.

In November 1995, Jackson was indicted on one count of conspiracy and numerous distribution counts. He was arraigned in January 1996 and released on bond with the condition, among others, that he refrain from possession or use of drugs. In April 1996, Jackson twice tested positive for use of cocaine; the second test also disclosed marijuana use. Jackson's bond was revoked in June and five days later he entered into a plea agreement. The probation officer recommended that Jackson's failure to terminate his criminal conduct made an adjustment for acceptance of responsibility inappropriate. At sentencing, the government informed the court that Jackson had been cooperative and, in accordance with the terms of the plea agreement, recommended the adjustment. However, the district court refused to award it because of Jackson's continued criminal conduct. The court's decision was not clearly erroneous. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993); United States v. Underwood, 970 F.2d 1336, 1338-39 (4th Cir. 1992).

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before the court and argument would not aid the decisional process.

                                                        AFFIRMED