**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 97-4479

ROY JAMES TERRY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-96-141)

Submitted: February 10, 1998

Decided: February 27, 1998

Before ERVIN, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Richard Staton, W. RICHARD STATON, L.C., Mullens, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Miller A. Bushong III, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Roy James Terry pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). The court sentenced him to sixty-three months imprisonment to be followed by a three-year term of supervised release. Terry appeals, contending that the district court erred in finding that he obstructed justice, see USSG § 3C1.1,* and in failing to award a reduction for acceptance of responsibility, see USSG § 3E1.1. We affirm.

I.

Officers stopped a vehicle in which Terry was riding in the front passenger seat because the vehicle had a broken tail light. Eddie Burns was driving, and a juvenile was in the back seat. When the officers approached the vehicle, they saw plastic bags containing what appeared to be marijuana lying on the front passenger floorboard. Terry and the other occupants exited the vehicle. Officers searched and discovered more marijuana, crack cocaine, and a .25-caliber automatic pistol.

Terry was indicted for possession with intent to distribute crack cocaine, and the court released him on bond. The next day Terry sold crack to an undercover police officer. As a result, the court revoked Terry's bond.

The court accepted Terry's guilty plea and ordered the preparation of a presentence report. The probation officer noted that during the presentence interview, Terry denied ownership of the gun. Given that four witnesses were willing to testify that Terry owned the gun, the probation officer recommended a two-level enhancement under USSG § 2D1.1(b)(1) for possession of a firearm. There was no recommendation for a reduction for acceptance of responsibility under USSG § 3E1.1 because Terry sold crack cocaine while released on bond.

_____

*U.S. SENTENCING GUIDELINES MANUAL (1995).

2

At the sentencing hearing, Terry objected to the probation officer's failure to recommend a reduction for acceptance of responsibility, contending that he should be entitled to the reduction based on the timeliness of his plea. Finding that Terry had not accepted responsibility because he continued to engage in criminal conduct, the court adopted the probation officer's recommendation not to award a reduction under USSG § 3E1.1.

As to the firearm enhancement, Terry withdrew his objection at the sentencing hearing based on counsel's advice and belief that any evidence Terry could present would not overcome the evidence gathered after the plea hearing. The government then for the first time sought an enhancement for obstruction of justice under USSG§ 3C1.1, contending that Terry committed perjury at the plea hearing by testifying that he did not possess a gun at the time of his arrest. After considering the testimony as to the chain of ownership of the firearm, the court found the government's witnesses' testimony credible, overruled Terry's objection because the evidence was sufficient to show that Terry committed perjury at the plea hearing, and applied the two-level enhancement for obstruction of justice.

Based on a total offense level of twenty-six and a criminal history category of I, the applicable guideline range was sixty-three to seventy-eight months. See USSG Ch. 5, Pt. A. The court sentenced Terry to the sixty-three-month minimum and imposed a three-year term of supervised release. Terry timely appeals.

II.

On appeal, Terry challenges the district court's application of a two-level enhancement for obstruction of justice under USSG § 3C1.1. Terry apparently contends that he received the obstruction of justice enhancement because counsel advised him to withdraw the objection to the firearm enhancement and that he should not be punished for counsel's tactical decision. To the extent Terry alleges ineffective assistance of counsel, such claims should be raised in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), and not on direct appeal, unless the record conclusively shows that counsel was ineffective. See United States v. King, 119 F.3d 290, 295 (4th Cir.

3

1997). Because the record does not conclusively show that counsel rendered ineffective assistance, we reject this claim.

Turning to the propriety of the obstruction of justice enhancement, our review of the district court's factual finding that Terry committed perjury at the plea hearing is hampered by the parties' failure to include a transcript of the plea colloquy in the record before us. We note, however, that Terry denied ownership of the gun in his interview with the probation officer in an apparent attempt to influence his sentence. On this basis alone, the enhancement was proper. See USSG § 3C1.1, comment. (n.3(h), 5).

Terry also asserts that the district court erred in failing to award a reduction for acceptance of responsibility under USSG § 3E1.1 given the timeliness of his plea and his willingness to cooperate with the government. We review a district court's decision to deny an acceptance of responsibility adjustment for clear error. See United States v. Holt, 79 F.3d 14, 17 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9448).

It is undisputed that Terry sold crack cocaine to an undercover police officer after he had been released on bond for the instant offense. The district court may consider whether a defendant has voluntarily terminated or withdrawn from criminal conduct in deciding whether he has accepted responsibility. See USSG § 3E1.1, comment. (n.1(b)). Because Terry failed to terminate his criminal conduct, the district court did not clearly err in failing to award the reduction. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993) (finding that defendant's continued criminal conduct is inconsistent with acceptance of responsibility).

Accordingly, we affirm Terry's sentence. We dispense with oral argument based on our prior order granting the motion to submit the case on briefs.

AFFIRMED

4