UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4828

TYRONE H. DEVILLASEE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-97-471-CCB)

Submitted: September 30, 1999

Decided: October 25, 1999

Before MURNAGHAN and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald H. Feige, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyrone H. Devillasee appeals his convictions and sentence based upon two counts of interstate transportation of counterfeit securities and two counts of interstate transportation of stolen property and aiding and abetting the same in violation of 18 U.S.C.A. §§ 2314, 2 (West 1994 & Supp. 1999). Devillasee was sentenced to concurrent terms of fifty-one months' imprisonment followed by three years of supervised release. Devillasee was also ordered to pay special assessments totaling $400 and $238,997 in restitution.

On appeal, Devillasee contends that: (1) the district court erred in admitting into evidence statements made by him in violation of his Fifth and Sixth Amendment rights; (2) the court erred in refusing to suppress evidence seized from Devillasee's person following his arrest; (3) the court erred in declining to find that two witnesses waived their Fifth Amendment rights against self-incrimination and in refusing to admit their joint prior statement under Fed. R. Evid. 804(b)(3) or Fed. R. Evid. 807; and (4) the court clearly erred in increasing Devillasee's sentence offense level for obstruction of justice under U.S. Sentencing Guidelines § 3C1.1 (1997). We have reviewed the parties' briefs, the record, and the applicable law, and we affirm.

We conclude that the court did not err in admitting statements made by Devillasee during a taped meeting between Devillasee and an undercover FBI agent and the agent's testimony concerning that meeting. First, we find that Devillasee's Fifth Amendment rights were not violated. Devillasee was not "in custody," and therefore the undercover agent was not required to inform him of his Fifth Amendment rights under Miranda nor required to question him in the presence of his attorney. See Miranda v. Arizona, 384 U.S. 436, 474 (1966); United States v. Melgar, 139 F.3d 1005, 1010 (4th Cir. 1998). Although Devillasee had been charged in state court and had presumably asserted his right to counsel with respect to the state proceedings, we also find that the federal agent did not violate Devillasee's Sixth Amendment right to counsel by questioning him outside the presence of an attorney. The subject of the meeting in question was not based

upon the pending state charges, the meeting did not lead to more evidence concerning the state charges, and the subject of the meeting was not "closely-related" to the state charges. See United States v. Kidd, 12 F.3d 30, 32-33 (4th Cir. 1993). Neither was there evidence of collusion between state and federal authorities to thwart Devillasee's rights. See Melgar, 139 F.3d at 1012.

We also conclude that the court did not err in refusing to suppress contents of Devillasee's notebook that was recovered from his person following his lawful arrest. See Colorado v. Bertine, 479 U.S. 367, 374-76 (1987) (holding that routine inventories are permitted without a warrant); Chimel v. California, 395 U.S. 752, 762-63 (1969) (holding that no warrant is needed to effect a search incident to arrest). Furthermore, we find that the court correctly found that Devillasee's witnesses, Cedric and Randy Franklin, properly asserted their Fifth Amendment rights at Devillasee's trial and that the court did not abuse its discretion by declining to admit a witness interview summary prepared by the FBI as the Franklins' prior statement under either Fed. R. Evid. 804(b)(3) or Fed. R. Evid. 807. See United States v. Bumpass, 60 F.3d 1099, 1102 (4th Cir. 1995). Finally, we conclude that the court did not err in finding Devillasee obstructed justice by perjuring himself at trial and in enhancing his offense level based upon that finding. See USSG § 3C1.1.

Accordingly, we affirm Devillasee's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3