UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

ROY L. STOUDEMIRE,
           *Defendant-Appellant.*

No. 00-4799

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-00-191)

Submitted: July 26, 2001

Decided: August 2, 2001

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Jonathan Matthew Harvey, Columbia, South Carolina, for Appellant.
Scott N. Schools, United States Attorney, E. Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Roy L. Stoudemire pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base and was sentenced to 151 months imprisonment. He contends that the district court clearly erred in determining that he committed a crime while he was on bond awaiting sentencing. Accordingly, he argues that the district court should not have denied him an acceptance of responsibility adjustment based on his continued criminal activity. We affirm.

It is undisputed that criminal conduct committed by a defendant during his criminal proceedings may be a basis for finding the defendant has not accepted responsibility for the offense of conviction. *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993). Factual disputes concerning adjustments under the guidelines should be resolved by a preponderance of the evidence. *United States v. Urrego-Linares*, 879 F.2d 1234, 1238-39 (4th Cir. 1989). A district court's findings of fact concerning role adjustments must be affirmed unless clearly erroneous. *United States v. Smith*, 914 F.2d 565, 569 (4th Cir. 1990).

At sentencing, Officer Eduardo Salazar testified that, with Stoudemire's consent, he searched Stoudemire's car and recovered a plastic bag, containing five smaller plastic baggies, each holding a green leafy substance that Salazar recognized as marijuana. Salazar then arrested Stoudemire for possession with intent to distribute marijuana. The district court found Salazar to be credible. Stoudemire did not offer any evidence to contradict Salazar's testimony.

Nonetheless, Stoudemire asserts that there was no chemical analysis to determine whether the substance seized was actually marijuana and that he was not the record owner of the car. However, Salazar testified that, based on his experience as a police officer, he recognized the substance as marijuana. In addition, Salazar stated that Stoudemire drove the car on prior occasions, possessed keys, and did not deny that the car was his when asked for consent to search. We find this evidence sufficient to establish Stoudemire's possession of marijuana by a preponderance of the evidence. Thus, the district court did not err in denying an acceptance of responsibility adjustment.

Stoudemire's sentence is, therefore, affirmed. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*