<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4205**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LASHANDA DENISE NICHOLS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-02-288)

———————

Submitted: July 9, 2003                    Decided: July 29, 2003

———————

Before LUTTIG and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lashanda Denise Nichols appeals the district court's order sentencing her to fifty-eight months imprisonment following her guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2000). Nichols' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal. Although notified of her right to do so, Nichols has not filed a pro se supplemental brief.

Counsel suggests that the court may have erred in denying Nichols an adjustment for acceptance of responsibility based on her unrelated criminal conduct. The district court's determination regarding acceptance of responsibility is factual, and we review it with great deference for clear error. U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.5) (2000); United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999).

It is undisputed that Nichols was arrested for committing new criminal offenses after being released on bond for the instant offense. The district court may consider whether a defendant has voluntarily terminated or withdrawn from criminal conduct in deciding whether she has accepted responsibility. See USSG § 3E1.1, comment. (n.1(b)). In light of Nichols' intervening arrest, the district court did not clearly err in denying the reduction. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993) (finding that

defendant's continued criminal conduct is inconsistent with acceptance of responsibility).

We have reviewed the record in accordance with <u>Anders</u> and find no meritorious issues. Accordingly, we affirm the judgment of the district court. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>