**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4343**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID JAMES GRAHAM,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Cameron McGowan Currie, District Judge. (CR-02-1177)

———————

Submitted:  January 28, 2004          Decided:  March 3, 2004

———————

Before WIDENER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert J. Harte, ROBERT J. HARTE, P.C., Aiken, South Carolina, for Appellant.  James Strom Thurmond, Jr., United States Attorney, Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David James Graham pled guilty to two counts of possession of firearms and ammunition by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a) (2000). The district court sentenced him to concurrent fifty-seven-month prison terms on each count. Graham's counsel has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal. However, he raises the issues of whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Graham's guilty plea, and whether the district court erred in denying Graham an adjustment for acceptance of responsibility. Graham has filed a pro se supplemental brief asserting that he was entitled to an adjustment for acceptance of responsibility. Finding no reversible error, we affirm.

After reviewing the transcript of the plea proceeding, we conclude that the district court fully complied with the requirements of Rule 11 in accepting Graham's guilty plea. Turning to the sentencing issue, the district court's determination regarding acceptance of responsibility is factual, and we review it with great deference for clear error. <u>U.S. Sentencing Guidelines Manual</u> § 3E1.1, comment. (n.5) (2002); <u>United States v. Ruhe</u>, 191 F.3d 376, 388 (4th Cir. 1999).

Graham assaulted another inmate while awaiting sentencing. In deciding whether a defendant has accepted responsibility, the district court may consider whether he has voluntarily terminated or withdrawn from criminal conduct. <u>See</u> USSG § 3E1.1, comment. (n.1(b)). In light of the intervening assault, the district court did not clearly err in denying the reduction. <u>See</u> <u>United States v. Kidd</u>, 12 F.3d 30, 34 (4th Cir. 1993) (finding that defendant's continued criminal conduct is inconsistent with acceptance of responsibility).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Graham's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>