**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5085

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATHANIEL TYRONE HARBIN, a/k/a Nate,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   David A. Faber, Chief District Judge.  (CR-05-91)

Submitted:  April 26, 2006                Decided:  May 10, 2006

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, Acting United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nathaniel Tyrone Harbin appeals his eighty-seven month prison sentence imposed after his guilty plea to distribution of cocaine base and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). Finding no error, we affirm.

Harbin claims that the district court erred in denying him an adjustment for acceptance of responsibility based on his drug use while on bond pending sentencing because his conduct did not relate to the offense of conviction. We review the district court's determination for clear error. United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004). Application Note 1(b) to U.S. Sentencing Guidelines Manual § 3E1.1(a) (2005), states that the court may consider whether the defendant has voluntarily withdrawn "from criminal conduct or associations" without making an exception for criminal conduct that is different from the offense of conviction. A defendant's continued use or sale of drugs after conviction may be a basis for denial of an adjustment for acceptance of responsibility. United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993); United States v. Underwood, 970 F.2d 1336, 1339 (4th Cir. 1992). Harbin further contends his two positive tests for marijuana are not enough to justify denial of the adjustment. Our previous decisions do not hold that only multiple instances of drug use warrant denial of the adjustment, merely that there be

some use of drugs after conviction. In making its ruling, the district court did not commit error when it held that by his continued involvement with drugs Harbin lost the opportunity for the adjustment.

Harbin also claims that his sentence was unreasonable. The district court properly calculated the sentencing guideline range of 87 to 108 months' imprisonment. As Harbin's sentence is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006). Harbin has not rebutted that presumption as the district court appropriately treated the guidelines as advisory, calculated and considered the guideline range, and weighed the relevant factors under 18 U.S.C. § 3553(a) (2000).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED