**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5064

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MATTHEW SCOTT ANDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-04-33)

Submitted: October 31, 2006          Decided:  November 2, 2006

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William C. Gallagher, CASSIDY, MYERS, COGAN & VOEGELIN, L.C., Wheeling, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Matthew Scott Anderson pled guilty to conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. § 846 (2000), and was sentenced to a term of seventy-seven months imprisonment. Anderson appeals his sentence, arguing that the district court clearly erred in denying him an adjustment for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1 (2004), based on a single positive drug test while he was free on bond pending his sentencing. We affirm.

Anderson entered his guilty plea in March 2005 and was permitted to remain free on bond. In August 2005, he tested positive for marijuana use. He subsequently admitted violating the conditions of his release, his release was revoked, and he was detained. At the sentencing hearing in October 2005, the district court determined that his conduct was inconsistent with acceptance of responsibility and denied the adjustment. Anderson argues on appeal that a single positive test for marijuana use is an insufficient reason to deny him the adjustment.

Although the guidelines are no longer mandatory, the sentencing court must determine the correct guideline range and consider the range, with other factors, before imposing sentence. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The guideline commentary on which the court relied in denying Anderson the adjustment states that the court may consider whether the

- 2 -

defendant has voluntarily withdrawn "from criminal conduct or associations." USSG § 3E1.1, comment. (n.1(b)). This court has held that a defendant's continued use or sale of drugs after conviction may be a basis for denial of acceptance of responsibility. <u>United States v. Kidd</u>, 12 F.3d 30, 34 (4th Cir. 1993); <u>United States v. Underwood</u>, 970 F.2d 1336, 1339 (4th Cir. 1992). These decisions do not require multiple instances of drug use to warrant denial of the adjustment, only some continued use of drugs after conviction. Therefore, the district court did not clearly err when it held that Anderson's continued involvement with drugs did not reflect acceptance of responsibility.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>