**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4175**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN WAYNE OILER, a/k/a Joey Wayne Oiler,

Defendant - Appellant.

**No. 07-4247**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAURA BETH OILER, a/k/a Laura Beth Gibbson,

Defendant - Appellant.

Appeals from the United States District Court for the Southern District of West Virginia, at Beckley. Thomas E. Johnston, District Judge. (5:06-cr-00098)

Submitted: June 5, 2008            Decided: June 27, 2008

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————

Christopher S. Morris, BAILEY & GLASSER, LLP, Charleston, West Virginia; Mark L. French, CRISWELL & FRENCH, PLLC, Charleston, West Virginia, for Appellants. Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan and Laura Oiler pled guilty pursuant to written plea agreements to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000). Jonathan and Laura Oiler were sentenced to 205 months' and 168 months' imprisonment, respectively. Finding no error, we affirm.

On appeal, Laura Oiler contends the district court erred in calculating her attributable drug weight. Additionally, both Jonathan and Laura Oiler contend that the district court erred in refusing to apply downward adjustments for acceptance of responsibility. When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).

Laura Oiler contends the drug weight attributed to Jonathan Oiler should not have likewise been imputed to her. She argues these drugs were purchased outside the scope of the conspiracy from an individual with whom she did not have contact. However, the factual basis ascertained at Laura Oiler's Fed. R. Crim. P. 11 hearing established that she took part in the Oiler family's conspiracy to sell cocaine base. The Presentence Investigation Report indicated that Laura Oiler obtained drugs on a regular basis from Jonathan Oiler for distribution. It further indicated that Laura Oiler was familiar with Jonathan Oiler's

- 3 -

supplier.  Moreover, there is nothing in Jonathan Oiler's statement to indicate that the drugs were purchased for any use other than to promote the object of the conspiracy.  The drugs obtained by Jonathan Oiler were therefore not only reasonably foreseeable to Laura Oiler, but also served to further their jointly undertaken criminal activity.  See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (2006).  Consequently, we conclude the district court did not clearly err in its calculation of the total drug weight attributable to Laura Oiler.

Both Jonathan and Laura Oiler contend that the district court erred by refusing to apply downward adjustments for acceptance of responsibility.  Section 3E1.1 of the Sentencing Guidelines provides for a downward adjustment to the offense level if a defendant clearly demonstrates acceptance of responsibility. Because a defendant who pleads guilty is not entitled to a downward adjustment under § 3E1.1 as a matter of right, the Guidelines provide a non-exhaustive list of factors to be considered in determining whether the adjustment should be applied, including whether a defendant has voluntarily terminated or withdrawn from criminal conduct.  See USSG § 3E1.1, comment. (n.1(b)), (n.3) (2006).  "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," therefore his determinations are "entitled to great deference on review." Id. at comment. (n.5).

It is undisputed that both Jonathan and Laura Oiler continued to use cocaine subsequent to indictment. Jonathan Oiler additionally stole money from the Government while working as a confidential source. Based on the Oilers' failure to disengage themselves from criminal conduct, the district court determined that their behavior was inconsistent with acceptance of responsibility and refused to apply downward adjustments. Under these circumstances, we conclude the district court's determinations were not in error. See, e.g., United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993).

We therefore affirm the judgments of the district court. We deny the motion for leave to file a supplemental brief.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]The Oilers move this court for leave to file a supplemental brief to include argument addressing Amendment 706 of the Sentencing Guidelines. As we have previously noted, it is for the district court to first assess pursuant to 18 U.S.C. § 3582(c)(2) (2000) whether and to what extent defendants may be affected by Amendment 706. See United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008).

- 5 -