**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4133**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN JAMES JARRELL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  Thomas E. Johnston,
District Judge.  (5:07-cr-00123-2)

_____

Submitted:  October 14, 2008      Decided:  October 16, 2008

_____

Before KING, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Christian M. Capece, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant. Charles T.
Miller, United States Attorney, John L. File, Assistant United
States Attorney, Beckley, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan James Jarrell pled guilty to aiding and abetting the distribution of cocaine, 21 U.S.C. § 841(a)(1) (2000), and was sentenced to a term of twenty-one months imprisonment.  Jarrell appeals his sentence, arguing that the district court clearly erred in denying him an adjustment for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1 (2007), based on two positive drug tests while he was free on bond pending his sentencing.  We affirm.

Jarrell entered his guilty plea in September 2007 and was permitted to remain free on bond. In October 2007, he tested positive for cocaine use.  He also tested positive for cocaine use and use of an opiate, Lortab, several days after the first positive test, in November 2007.  He subsequently admitted violating the conditions of his release, including a third incident of drug use; his release was revoked; and he was detained. At the sentencing hearing in January 2008, the district court determined that Jarrell's conduct was inconsistent with acceptance of responsibility and denied the adjustment.  Jarrell argues on appeal that the admitted drug use is an insufficient reason to deny him the adjustment, particularly in light of his admission of the offense conduct, guilty plea, and cooperation with investigators.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The guideline commentary on which the court relied in denying Jarrell the adjustment states that the court may consider whether the defendant has voluntarily withdrawn "from criminal conduct or associations." USSG § 3E1.1 comment. (n.1(b)). This court has held that a defendant's continued use or sale of drugs after conviction may be a basis for denial of acceptance of responsibility. United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993); United States v. Underwood, 970 F.2d 1336, 1339 (4th Cir. 1992). These decisions do not require multiple instances of drug use to warrant denial of the adjustment, only some continued use of drugs after a guilty plea or conviction. Therefore, the district court did not clearly err when it held that Jarrell's continued involvement with drugs did not reflect acceptance of responsibility.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED