**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4499

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CEDRICK R. ATKINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00409-FL-1)

Submitted: March 20, 2020                                   Decided: March 30, 2020

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedrick R. Atkinson appeals his 33-month prison sentence after pleading guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2018), and driving under the influence in violation of 18 U.S.C. § 13 (2018). On appeal, he contends that the district court clearly erred in denying him a reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(a) (2018). We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). "Pursuant to this standard, we review the district court's legal conclusions de novo and factual findings for clear error." *Id.* (citation omitted). In our review, we examine the sentence for procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007).

We review the district court's denial of an acceptance of responsibility reduction "only for clear error." *United States v. Carver*, 916 F.3d 398, 404 (4th Cir. 2019) (citation omitted). "We will not reverse a lower court's findings of fact simply because we would have decided the case differently." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir.) (internal quotation marks and citations omitted), *cert. denied*, 139 S. Ct. 2679 (2019). "Instead, clear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (internal quotation marks and citations omitted).

"The defendant bears the burden of showing he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct, and this does not flow automatically from a guilty plea." *Carver*, 916 F.3d at 404 (internal quotation marks omitted). "In determining whether a defendant has satisfied this standard, a sentencing court may consider, in relevant part, (a) truthful admissions to the underlying offenses or related conduct; (b) voluntary withdrawal from crime; (c) voluntary and prompt surrender to authorities; and (d) the timeliness of the defendant's apparent acceptance of responsibility." *Bolton*, 858 F.3d at 915 (citing U.S.S.G. § 3E1.1 cmt. n.1). The sentencing court may also consider "post-offense rehabilitative efforts (e.g., counseling or drug treatment)." § 3E1.1 cmt. n.1.

While pleading guilty and truthfully admitting the underlying offenses or relevant conduct constitutes "significant evidence of acceptance of responsibility," "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." § 3E1.1 cmt. n.3. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility"; and the sentencing judge's determination "is entitled to great deference on review." *Id.* at § 3E1.1 cmt. n.5; *Bolton*, 858 F.3d at 915. Thus, "[w]e have upheld denials of reductions for acceptance of responsibility where, as here, the defendant continues criminal activity after apprehension, indictment, or guilty plea." *Bolton*, 858 F.3d at 915 (citing *United States v. Dugger*, 485 F.3d 236, 240 (4th Cir. 2007) (affirming denial of reduction where defendant admitted dealing drugs before and after incarceration); *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993) (upholding denial of reduction where defendant continued cocaine use and

3

distribution after indictment and plea agreement)); *see also United States v. Underwood*, 970 F.2d 1336, 1338–39 (4th Cir. 1992) (upholding denial where defendant continued to use illegal drugs, which he argued was due to his psychological disorder).

We have reviewed the record and conclude that, under the facts and circumstances of this case, the district court did not clearly err in finding Atkinson did not clearly recognize and affirmatively accept responsibility for his criminal conduct. Despite receiving counseling and being continued on pretrial release, he continued to use illegal drugs after pleading guilty to possession of a firearm by a felon and driving under the influence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*