UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                          No. 00-4835

MICHAEL WITHERS,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CR-00-14)

Submitted: April 20, 2001

Decided: June 25, 2001

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Scott C. Brown, LAW OFFICE OF FRANK A. JACKSON, Whee-
ling, West Virginia, for Appellant. Melvin W. Kahle, Jr., United
States Attorney, Paul T. Camilletti, Assistant United States Attorney,
Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Withers appeals his 100-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C.A. §§ 922(g)(1), (g)(9), 924(a)(2) (West 2000). Withers argues the district court clearly erred in enhancing his sentence for obstruction of justice pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1 (1998) and in denying him a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1. We affirm.

Withers first argues the Government did not carry its burden to prove he obstructed justice. We review factual findings concerning the Guidelines for clear error, *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989), but do not review the district court's estimation of the witnesses' credibility, *see United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Following a thorough review of the record, we find the district court did not clearly err in determining that Withers attempted to obstruct justice by threatening a witness and attempting to convince the witness not to testify. *See* USSG § 3C1.1, comment. (n.4(a)).

Next, Withers argues the district court erred by denying him a reduction in his offense level for acceptance of responsibility based upon unrelated criminal conduct that occurred before he pled guilty to the offense. A district court's decision to grant or deny an adjustment for acceptance of responsibility pursuant to USSG § 3E1.1 is a factual determination reviewed for clear error. *United States v. Miller*, 77 F.3d 71, 74 (4th Cir. 1996). We find the district court did not clearly err in relying on conduct that occurred before Withers signed the plea agreement. *See United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993). Nor was it clear error to rely on criminal conduct not related to the offense of conviction. *See, e.g.*, *United States v. Ceccarani*, 98 F.3d 126, 129-30 (3d Cir. 1996).

We affirm Withers' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not

aid the decisional process.

*AFFIRMED*