**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

JACKIE LEE DOVER,
         *Defendant-Appellant.*

No. 02-4063

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-186)

Submitted: August 29, 2002

Decided: September 24, 2002

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas H. Johnson, Jr., GRAY, NEWELL, JOHNSON & BLACK-
MON, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills
Wagoner, United States Attorney, Steven H. Levin, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jackie Lee Dover pled guilty to conspiracy to defraud the United States, 18 U.S.C. § 371 (2000), and to one count of making and possessing counterfeit securities, 18 U.S.C. §§ 513(a), 2 (2000). He appeals his sentence of eighty-four months imprisonment and asserts that he should be permitted to withdraw his guilty plea and proceed to trial because the government breached the plea agreement. We affirm the conviction and sentence.

In October 1999, Dover opened a checking account at the Branch Banking and Trust (BB&T) in Rowan County, North Carolina, using false identity documents created by co-defendant Michael Wall. In November 1999, Dover deposited six counterfeit checks totaling $31,325 into the account and made seven withdrawals totaling $23,045.50 by writing checks payable to cash.

In January 2000, Dover and Clarence Connard traveled from North Carolina to Lancaster, South Carolina, where Connard cashed four counterfeit payroll checks totaling $1800 created by Wall. On February 6, 2000, Dover and Connard attempted to cash three more counterfeit checks in Lancaster and were arrested. One check was for $560.09; the others were for unknown amounts. Dover cooperated with authorities after his arrest, which resulted in Wall's arrest a year later.

In July 2001, Dover pled guilty to federal charges of conspiring to defraud the United States from October 1999 to February 7, 2001, and making and possessing counterfeit securities in November 1999. After his guilty plea, Dover was arrested in August 2001 for breaking and entering a residence in May, and on October 16, 2001, he was again arrested and later charged with unlawful entry and conspiracy to steal furniture from mobile home model units.

In sentencing Dover, the district court departed upward from the guideline range of 37-46 months and imposed a sentence of eighty-four months, finding that Dover's thirty-six criminal history points far exceeded the number needed for criminal history category VI, that he had a long record of recidivism, and that he had been treated leniently by the courts in the past.

On appeal, Dover first contends that the district court erred in making a two-level enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 2B1.1(b)(9)(C)(i) (2001) for unauthorized transfer or use of any means of identification to produce or obtain unlawfully another means of identification because this specific offense characteristic was added in an amendment that took effect on November 1, 2001.[1] This assertion is incorrect. Amendment 596, effective on November 1, 2000, added the enhancement to USSG § 2F1.1, the guideline applicable at the time to violations of 18 U.S.C. § 513. *See* USSG App. A. The enhancement was thus in effect before the conspiracy was completed. Therefore, the district court's use of the 2001 guidelines manual did not violate the Ex Post Facto Clause.

Dover next argues that the district court erred in calculating his offense level based on a loss exceeding $30,000 when he was ordered to pay restitution of only $23,045.50. Because Dover did not object to the loss calculation in the district court, this claim is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). The amount of loss used in determining the offense level is the greater of the actual or intended loss. USSG § 2B1.1. comment. (n.2(A)). Therefore, Dover was held responsible for the total amount of the six counterfeit checks he deposited in the BB&T account, even though he withdrew only $23,045.50 from the account. Restitution was ordered in the amount of $23,045.50 because that was the amount of loss to BB&T and no other victim reported a loss. Dover has not shown that the district court erred in computing the amount of loss.

Dover maintains that the district court engaged in impermissible double counting when it considered his pending charges both to deny

---

[1]Under USSG § 1B1.11(a), the guidelines manual in effect on the date of sentencing should be used unless any amendments enacted after the offense was committed subject the defendant to increased punishment.

him a reduction for acceptance of responsibility and to find that criminal history category VI under-represented his past criminal conduct. Because Dover did not object to the probation officer's recommendation against an adjustment for acceptance of responsibility, the issue is reviewed for plain error.

The same conduct may be counted under more than one guideline unless such conduct is expressly prohibited by the guidelines. *United States v. Crawford*, 18 F.3d 1173, 1180 (4th Cir. 1994). The guidelines do not prohibit the district court from considering continued criminal conduct in determining whether a defendant has accepted responsibility for his offense. *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993). The court may also consider charges pending against the defendant at the time of sentencing in deciding whether to depart upward pursuant to § 4A1.3. Therefore, the district court did not err in considering the same conduct under § 3E1.1 and § 4A1.3.

Dover also contests the district court's departure, claiming that the district court failed to explain why a departure was justified. He further argues that, despite the large number of his prior convictions and sentences, his prior offenses were not serious in nature. Upward departures are reviewed for abuse of discretion under the multi-part test set out in *Koon v. United States*, 518 U.S. 81, 100 (1996); *see also United States v. Rybicki*, 96 F.3d 754, 757 (4th Cir. 1996). Most of Dover's countable sentences were for using fraudulent checks or obtaining property by false pretenses. He had a considerable number of similar convictions that were not counted because the sentences were light and were beyond the time limits set out in § 4A1.2(e) and he had two sentences for felony escape. Dover had been paroled several times and each time committed new offenses that caused revocation of his parole.

The district court agreed with the probation officer's suggestion that criminal history category VI did not sufficiently account for Dover's thirty-six criminal history points, twenty-three points more than were needed to put him in category VI. Further, the court stated that Dover's recidivism record was one of the worst it had seen. We find that the district court sufficiently explained the basis for the departure and the extent of the departure and did not abuse its discretion in departing to a sentence of eighty-four months imprisonment.

Dover contends that his conviction and sentence violates the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his sentence was increased for factors not charged in the indictment and submitted to a jury. *See United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2001) (*Apprendi* error does not affect conviction), *cert. denied*, 122 S. Ct. 2296 (2002); *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000) (sentencing judge's factfinding under the guidelines does not implicate *Apprendi* if sentence does not exceed statutory maximum), *cert. denied*, 532 U.S. 937 (2002). Dover further alleges that his sentence exceeds the statutory maximum of five years for Count One. However, he received only a five-year sentence for Count One, made concurrent to the 84-month sentence on Count Four. Thus, no error occurred in this respect.

Dover also argues that the government breached the plea agreement when it moved for an upward departure and opposed an adjustment for acceptance of responsibility.[2] The government agreed in the plea agreement that, "if . . . [Dover] clearly demonstrate[d] recognition and affirmative acceptance of personal responsibility for his criminal conduct in a timely and sincere manner," the government would recommend a two-level adjustment for acceptance of responsibility. The government made no comment at sentencing about acceptance of responsibility and the issue did not arise since Dover did not object to the presentence report.

In light of Dover's continued criminal conduct after he entered into the plea agreement, it is evident that the government was not bound by the plea agreement to recommend a reduction for acceptance of responsibility because Dover's conduct did not demonstrate acceptance of responsibility. There was no provision in the plea agreement that obligated the government to refrain from moving for an upward departure. The district court did not plainly err in failing to find that the government had violated the agreement. Consequently, there is

---

[2]The government filed a sentencing memorandum before sentencing which has not been included in the joint appendix. It is clear from the district court's remarks at the sentencing hearing that the government moved for a departure above criminal history category VI, but whether it took any position on acceptance of responsibility is not clear.

also no basis for Dover's claim that he is entitled to withdraw his guilty plea and proceed to trial.

We therefore affirm the conviction and sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*