**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4421

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAUNA RENEE TURNER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (CR-02-151)

Submitted:  August 26, 2005          Decided:  October 11, 2005

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, P.L.L.C., Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Launa Renee Turner pled guilty to aiding and abetting possession of a quantity of cocaine with intent to distribute on July 3, 2002, 21 U.S.C.A. § 841(a)(1) (West 2000 & Supp. 2005), 18 U.S.C. § 2 (2000) (Count One), and was sentenced to a term of fifty-one months imprisonment. Turner appeals her sentence, contending that the district court plainly erred, in light of United States v. Booker, 125 S. Ct. 738 (2005), by calculating her sentence based on its determination that she was responsible for other drugs and currency seized at her arrest, as well as the drug equivalent of vehicles and household items that the court determined were bought with proceeds of drug sales, in violation of the Sixth Amendment. Id. at 756. Turner also argues that the court plainly erred by failing to treat the guidelines as advisory, id. at 757, and clearly erred in denying her an adjustment for acceptance of responsibility. U.S. Sentencing Guidelines Manual § 3E1.1 (2002). For the reasons explained below, we affirm.

When Turner and her boyfriend, Darrell Spence, were arrested on July 3, 2002, law enforcement authorities seized an ounce and a half of cocaine, as well as quantities of marijuana, MDMA, and hydrocodone. Turner was released on bond. After her guilty plea, she cooperated with authorities, but her bond was revoked in August 2002 after she tested positive four times for cocaine use. At Turner's sentencing, without objection, the

district court adopted the probation officer's recommendation to convert to marijuana equivalents all the drugs and money seized when Turner and Spence were arrested, as well as a boat, a trailer, a vehicle, and over $20,000 in household goods purchased with cash. Turner's base offense level was 26, USSG § 2D1.1(c)(7), based on 100-400 kilograms of marijuana equivalent. The court subtracted two levels under the safety valve provision in § 2D1.1(b)(6). Despite Turner's cooperation and her testimony at Spence's sentencing hearing, the district court decided against giving her a further reduction for acceptance of responsibility because of her continued use of illegal drugs while on pretrial release. Turner's final offense level was 24. She was in criminal history category I, making her guideline range 51-63 months. The court imposed a sentence of fifty-one months imprisonment.

Turner first argues that the calculation of her offense level violated the Sixth Amendment because her base offense level was increased based on facts found by the court that were not charged in the indictment, presented to a jury, or found beyond a reasonable doubt. Because she did not raise this issue in the district court, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To establish error, Turner must show that the court imposed a guideline sentence greater than the maximum authorized by the facts she admitted. Booker, 125 S. Ct. at 756; Hughes, 401 F.3d at 547.

Turner argues that her base offense level should have been 14, because she pled guilty to possessing cocaine with intent to distribute on July 3, 2002, and approximately thirty-nine grams of cocaine was seized that day. An offense involving 25-50 grams of cocaine has a base offense level of 14, USSG § 2D1.1(c)(14), while a base offense level of 26 applies when the offense involved 500 grams to two kilograms of cocaine. USSG § 2D1.1(c)(7). However, in her presentence interview, Turner admitted to facts that justified the base offense level of 26. Turner told the probation officer that she and Spence began buying a kilogram of cocaine every other week in October 2001 and, before their arrest in July 2002, were distributing a kilogram of cocaine every other week. Therefore, no Sixth Amendment violation occurred. United States v. Evans, 416 F.3d 298, 300-301 (4th Cir. 2005) (holding that there is no Sixth Amendment error when the sentence does not exceed the maximum authorized by facts the defendant admitted).

We review the district court's decision that Turner had not accepted responsibility for clear error. Denial of the adjustment because of continued criminal conduct after indictment is not clearly erroneous. United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993). We conclude that the district court did not clearly err in denying Turner the adjustment for continued drug use on pretrial release.

Finally, in her supplemental brief, Turner asserts that the district court erred in applying the guidelines as a mandatory scheme to deny her a reduction for acceptance of responsibility. The court undeniably regarded the guidelines as mandatory, and therefore erred. United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005) (holding that, "even in the absence of a Sixth Amendment violation, the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in Booker is [plain] error"). However, a defendant must show that the error affected her substantial rights. White, 405 F.3d at 217-22. To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224.

Turner points out that the court stated, "I just feel like it would fly in the face of the Guidelines for me to [make the adjustment] in this instance." In addition to this statement, the court later stated explicitly that it was "bound by the guidelines . . ." and that Turner should be "sentenced at the bottom of the guidelines." The district court did not indicate, however, that it would have preferred a lesser sentence. The court stated that Turner's sentence was "a significant sentence, which reflects the seriousness of the offenses you've committed." Thus, Turner has failed to demonstrate that the plain error in sentencing her under

a mandatory guidelines scheme affected her substantial rights. See White, 405 F.3d at 224 (finding that defendant failed to meet burden of demonstrating actual prejudice where "the district court made certain statements suggesting that it was content to sentence [the defendant] within the guideline range").

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED