**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4328**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERIC NIXON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (CR-04-131)

Submitted:  February 17, 2006          Decided:  March 16, 2006

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, L.L.C., Columbia, South Carolina, for Appellant.  Leesa Washington, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eric Nixon appeals his conviction and sentence for participation in a money laundering conspiracy involving drug sale proceeds, in violation of 18 U.S.C. § 1956(h) (2000). Nixon's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Although concluding that such allegations lacked merit, counsel asserts that the district court erred in its determination of drug quantity attributable to Nixon, and its failure to apply a reduction for acceptance of responsibility. Although Nixon was notified of his right to file a supplemental pro se brief, he did not do so. Finding no reversible error, we affirm.

In the Anders brief, counsel asserts that the district court erred in holding Nixon accountable for a greater quantity of drugs than that to which he admitted. As the court's finding was based on the testimony of a co-conspirator and documentary evidence, we find the court did not clearly err in this determination. See United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999) (providing standard).

Counsel also questions the court's failure to apply a reduction in offense level for acceptance of responsibility. The district court declined to apply an acceptance of responsibility reduction upon finding that Nixon committed an act of indecent

exposure following his guilty plea.  We find no clear error in this ruling.  See United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004) (providing standard); United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993) (upholding the denial of acceptance of responsibility credit based on continued criminal conduct.)

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Nixon's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED