**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4331**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KAREEM ABDUL DUDLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:05-cr-339-WLO-4)

Submitted:  June 22, 2007          Decided:  July 18, 2007

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, Durham, North Carolina, for Appellant.  Douglas Cannon, Assistant United States Attorney, Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Abdul Dudley pled guilty to conspiracy to make, possess, and utter counterfeit business checks, in violation of 18 U.S.C. §§ 371, 513(a) (2000). He was sentenced to sixty months' imprisonment. On appeal, Dudley's counsel filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but questioning whether the district court erred in denying Dudley an adjustment for acceptance of responsibility. Dudley has filed a pro se supplemental brief reasserting the issue raised by counsel and alleging ineffective assistance of appellate counsel for filing an <u>Anders</u> brief. After a thorough review of the record and finding no reversible error, we affirm Dudley's conviction and sentence.

Counsel claims that the district court erred in denying Dudley an adjustment for acceptance of responsibility based on his drug use while on bond pending sentencing. We review the district court's determination for clear error. <u>United States v. Curtis</u>, 934 F.2d 553, 557 (4th Cir. 1991). Dudley violated the terms of his pretrial release on several occasions while on bond awaiting sentencing, including testing positive for cocaine, which eventually led to revocation of his pretrial release. The continued use of drugs after conviction may be a basis for denial of an adjustment for acceptance of responsibility. <u>See</u> <u>United States v. Kidd</u>, 12 F.3d 30, 34 (4th Cir. 1993); <u>United States v.</u>

<u>Underwood</u>, 970 F.2d 1336, 1339 (4th Cir. 1992). We find the district court did not clearly err in finding Dudley's continued criminal conduct was inconsistent with acceptance of responsibility.

Dudley argues in his pro se supplemental brief that appellate counsel was ineffective for filing an <u>Anders</u> brief. An allegation of ineffective assistance of counsel should not proceed on direct appeal unless it appears conclusively from the record that counsel's performance was ineffective. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999). We find no support that such a claim "appears conclusively from the record." Dudley fails to identify any issues that appellate counsel should have raised on appeal. Instead, he merely states that counsel erred in failing to present any claims of error on appeal. However, counsel did raise a potential claim of error on appeal, but properly concluded that the claim was without merit. Because our review of the record leads us to conclude that deficient performance is not conclusively shown, Dudley's ineffective assistance of counsel claim is not cognizable on direct appeal.

As required by <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. Therefore, finding no error, we affirm Dudley's conviction and sentence. We also deny Dudley's motions for appointment of counsel and for a trial transcript. This court requires that counsel inform his

- 3 -

client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED