**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4324**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

BRIAN JONIMICHAEL SCOTT,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:06-cr-00342-TLW)

———————

Submitted:  December 12, 2007      Decided:  December 26, 2007

———————

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South
Carolina, for Appellant.  Rose Mary Parham, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Brian Jonimichael Scott pled guilty to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). Scott was sentenced to 41 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but contending (1) the district court wrongly denied Scott an adjustment for acceptance of responsibility and (2) the district court sentence was unreasonable. Scott was advised of his right to file a pro se supplemental brief, which he elected to do. In his pro se brief, Scott questions whether his federal conviction wrongly violated the Double Jeopardy Clause because he was convicted for the same conduct in state court. In addition, Scott raises some of the same concerns raised in counsel's Anders brief. The Government elected not to file a responsive brief.

Scott questions whether the district court wrongly denied an adjustment for acceptance of responsibility. Our court reviews a district court's decision to grant or deny an adjustment for acceptance of responsibility for clear error. United States v. May, 359 F.3d 683, 688 (4th Cir. 2004); United States v. Pauley, 289 F.3d 254, 261 (4th Cir. 2002). The determination of the

district court is due great deference.  United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007) (citing USSG § 3E1.1, cmt. n.5 (2005)).  The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment.  United States v. Urrego-Linares, 879 F.2d 1234, 1238-39 (4th Cir. 1989).

The record shows Scott engaged in further criminal conduct after the indictment and that he was released from a drug treatment program as a result.  Among the factors for a district court to consider in determining whether an adjustment is warranted are "voluntary termination or withdrawal from criminal conduct or associations" and "post-offense rehabilitative efforts."  USSG § 3E1.1, cmts. n.1(b) and (g).  Scott's continued drug use subsequent to his conviction warranted denial of an adjustment for acceptance of responsibility.  See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1994); United States v. Underwood, 970 F.2d 1336, 1339 (4th Cir. 1992).  Accordingly, we find the district court's decision to deny Scott an adjustment for acceptance of responsibility was not clearly erroneous.

Scott also questions whether his sentence is reasonable, but he offers no basis for this contention.  The record shows the district court appropriately calculated the advisory guideline range and considered it in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a) (2000).  See United

States v. Moreland, 437 F.3d 424, 432-33 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). Scott's sentence, which is at the bottom end of the applicable guidelines range and well within the statutory maximum, is therefore reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007).

Lastly, Scott questions whether his federal and state convictions for the same conduct violated the Double Jeopardy Clause. A "central feature of double jeopardy's definition of offense is the 'dual sovereignty doctrine.' Applying this doctrine, the Supreme Court has continually held that federal and state crimes are not the same offense, no matter how identical the conduct they proscribe." United States v. Alvarado, 440 F.3d 191, 196 (4th Cir. 2006) (citations omitted). Accordingly, Scott's argument is without merit.

Pursuant to Anders, we have examined Scott's entire record and find no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Scott requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Scott.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED