<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

**No. 08-4627**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHAN E. SCOTT,

Defendant - Appellant.

<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4627**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

  v.

NATHAN E. SCOTT,

   Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, Chief District Judge. (2:07-cr-01225-DCN-1)

Submitted: November 17, 2008    Decided: December 5, 2008

Before TRAXLER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan E. Scott appeals the twenty-seven month sentence the district court imposed after he pled guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (2006). Counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring there are no meritorious issues for appeal, but suggesting this court should consider whether: (1) the district court erred in denying Scott a downward adjustment to his sentence based upon his acceptance of responsibility and (2) whether the sentence is reasonable. Scott was informed of his right to file a pro se supplemental brief but has not filed a brief. We have carefully reviewed the record in this case and conclude there is no reversible error. Accordingly, for the reasons set forth below, we affirm the district court's judgment.

After he pled guilty, Scott violated the conditions of his pretrial release by: (1) testing positive for the use of cocaine on two occasions; (2) failing to report for required drug testing on two occasions; and (3) failing to abide by the requirements of electronic monitoring and home detention on several occasions. Accordingly, Scott's bond was revoked prior to sentencing. At the sentencing hearing, counsel objected to the lack of a downward adjustment for acceptance of responsibility, pursuant to U.S. Sentencing Guidelines Manual

2

("USSG") § 3E1.1, while acknowledging that "the revocation of [Scott's] bond allows [the court] to take away [the adjustment for] acceptance of responsibility." Counsel argued that Scott was, nevertheless, entitled to the adjustment because his violations of pretrial release conditions were the result of his addiction to cocaine and his residence in a remote rural area without access to reliable transportation. The district court overruled Scott's objection, finding that Scott's failures to report for drug testing and violations of electronic monitoring did not result from his addiction.

Under USSG § 3E1.1, a defendant may receive a reduction in offense level by clearly demonstrating acceptance of responsibility for the offense. We review for abuse of discretion a district court's denial of an adjustment based upon acceptance of responsibility, and have held that a court may deny the adjustment due to criminal conduct while on pretrial release. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993). Accordingly, the district court did not abuse its discretion in denying Scott's objection due to his violations of the conditions of pretrial release.

We will affirm a sentence imposed by the district court if it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). We review Scott's sentence under a deferential abuse of

3

discretion standard.  See Gall v. United States, 128 S. Ct. 586, 590 (2007).  The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guidelines range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008).  In assessing a sentencing court's application of the guidelines, we review the court's legal conclusions de novo and its factual findings for clear error.  United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).  The court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances.  Gall, 128 S. Ct. at 597.  We presume that a sentence within a properly calculated guidelines range is reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

The district court properly calculated the advisory guidelines range of imprisonment, permitted counsel and Scott to speak, and gave reasons for overruling Scott's objection that he was entitled to a downward adjustment.  The sentence was within the guidelines range of imprisonment and is presumptively reasonable.

Because there was no error in the application of the Sentencing Guidelines and the district court stated that it

4

considered the 18 U.S.C. § 3553(a) (2006) factors, the sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for further review. If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scott.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>