**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5001**

_____

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

JOHN LEWIS COTTRELL, II,

          Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, Chief District Judge. (2:09-cr-00005-jpj-pms-3)

_____

Submitted: July 15, 2010          Decided: July 26, 2010

_____

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender for the Western District of Virginia, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Lewis Cottrell, II, was charged with one count of conspiracy to possess with intent to distribute and to distribute oxycodone, in violation of 21 U.S.C. § 846 (2006), and two counts of possession with intent to distribute and distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2006). Cottrell pled guilty to all three charges and was sentenced to 180 months of imprisonment. He now appeals; for the following reasons, we affirm.

After Cottrell's arrest on the charges to which he eventually pled guilty, Cottrell was released on an unsecured bond, with the condition that he not violate federal, state, or local law. A few months after his release, Cottrell was arrested and charged with grand larceny in Virginia state court. As a result, the district court ordered the bond be forfeited in part, and Cottrell returned to the custody of the Attorney General for confinement.

The presentence report ("PSR") prepared following Cottrell's guilty pleas concluded that, based on the drug quantity involved in his offense conduct, Cottrell's base offense level was twenty-eight, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(6) (2008). The PSR determined that because Cottrell had committed a criminal offense while on bond, he was not entitled to an acceptance of

2

responsibility reduction, even though he had admitted to the charged conduct and cooperated with the probation officer during the preparation of the PSR. Thus, Cottrell's total offense level was twenty-eight.

However, the PSR also determined that Cottrell could be sentenced as a career offender, pursuant to USSG § 4B1.1, because of his prior felony convictions, for a total offense level of thirty-four. In calculating Cottrell's criminal history, the PSR noted his several juvenile convictions, none of which earned him criminal history points. Based on his adult convictions, the PSR determined that Cottrell's criminal history criminal history category was VI. Accordingly, the PSR concluded that if the court agreed that Cottrell was a career offender, his Guidelines range for imprisonment would be 262 to 327 months, pursuant to USSG ch. 5, pt. A (sentencing table). The PSR also noted that, in the event the court determined that Cottrell was not a career offender, there were potential grounds for an upward departure based on Cottrell's prior convictions.

At sentencing, the court determined that Cottrell was not entitled to the acceptance of responsibility reduction because, although he had pled guilty and admitted his conduct, he had committed a criminal violation while on bond. However, the court sustained Cottrell's objection regarding the career offender designation, finding that his prior adult conviction

for possession of marijuana while in custody did not constitute a controlled substance offense within the meaning of USSG § 4B1.2. As a result, the court found Cottrell's total offense level to be twenty-eight, with a resulting Guidelines range of 140 to 175 months. Nonetheless, the court sentenced Cottrell above the Guidelines range to 180 months of imprisonment, specifically noting Cottrell's lengthy criminal history, the seriousness of his offense, the need for deterrence, and the need to protect the public. The court reiterated these factors in its written statement of reasons.

On appeal, Cottrell challenges the reasonableness of his sentence on three grounds, arguing: (1) that the district court's failure "to issue a sufficient written statement explaining the upward departure/variance constitutes procedural error"; (2) "the district court's upward departure/variance was procedurally and substantively unreasonable given that one of the explained bases for the departure—defendant's juvenile criminal history—was a factor that the empirically based criminal history guidelines disregarded and where there was no reason given for rejecting" Guidelines policy; and (3) the district court erred when it denied the acceptance of responsibility reduction, "in light of Mr. Cottrell's uncontradicted [sic] expression of remorse, his coordinated state and federal guilty pleas, and because the district court

4

relied upon improper factors (criminal history and juvenile history) as a basis for denial."

When the procedural and substantive reasonableness of a sentence is challenged on appeal, this court reviews the sentence using an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id.

We first address Cottrell's argument that the district court committed procedural error when it failed to give him an acceptance of responsibility reduction. Under USSG § 3E1.1, if a "defendant clearly demonstrates acceptance of responsibility for his offense," his offense level is decreased by two levels. The commentary to § 3E1.1 lists a number of factors that may be considered in making this determination, including admitting the offense conduct and voluntarily terminating criminal conduct. USSG § 3E1.1 cmt. n.1. While the commentary explains that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely

denying any additional relevant conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility," it also states that "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." USSG § 3E1.1 cmt. n.3. Moreover, "[a] defendant who enters a guilty plea is not entitled to an adjustment . . . as a matter of right." Id. The commentary also explains that because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the judge's determination on this reduction "is entitled to great deference on review." USSG § 3E1.1 cmt. n.5. Accordingly, we "review a district court's decision concerning an acceptance-of-responsibility adjustment for clear error." United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007).

Here, Cottrell argues that because he committed the additional state violation prior to entry of his guilty plea and not after, the district court should have granted him the reduction. Moreover, he asserts that the court improperly considered his criminal disposition as a reason for denying acceptance. However, we have previously held that continued criminal conduct following indictment is a sufficient reason for denying a reduction for acceptance of responsibility. See Dugger, 485 F.3d at 240 (finding the district court did not err

6

in denying the reduction where defendant engaged in criminal activity following indictment, even though defendant later admitted to all criminal conduct); United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993) (affirming the denial of the acceptance of responsibility reduction where defendant committed criminal activity while on pretrial release, even though defendant later entered a guilty plea, admitted relevant conduct, and cooperated with his probation officer). Moreover, although the district court did note when denying the reduction that Cottrell had a long criminal history, the court relied on the fact that he "engaged in serious criminal conduct after the charges." The court highlighted Cottrell's prior criminal history only in explaining that he had not accepted responsibility and was "merely going through the motions of contrition." Dugger, 485 F.3d at 241 (internal quotation marks ommitted). Accordingly, we hold that the district court did not clearly err in denying Cottrell a reduction for acceptance of responsibility.

Next, Cottrell challenges the district court's written explanation of his sentence, arguing that the court failed to provide a sufficient written explanation as required by 18 U.S.C.A. § 3553(c)(2) (West, Westlaw through P.L. 111-190). Cottrell asserts that the court not only failed to fulfill the written requirement, but also failed "to sufficiently explain

7

how the controlling criminal history scoring did not sufficiently account for defendant's history and characteristic." He further asserts in this claim and in a separate claim that the district court's reference to his "criminal conduct while age 15 . . . was a factor which the guidelines dictated not be counted given the scoring rules applicable to juvenile convictions," and if the court disagreed with this it needed to explain its policy disagreement in detail. In his reply brief, Cottrell also argues that despite the language used by the district court, the increase in his sentence was a departure, not a variance, and should be reviewed as such on appeal.

When a district court sentences a defendant outside of the established Guidelines range, § 3553(c)(2) requires the court to "state in open court the reasons for its imposition of the particular sentence," and "the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in a statement of reasons form." In evaluating the sentencing court's explanation of a selected sentence, this court has consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time,

8

however, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50; see also Rita v. United States, 551 U.S. 338, 356-57 (2007). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and clearly tied to [defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

In United States v. Carter, 564 F.3d 325 (4th Cir. 2009), we further explained that while the "individualized assessment [of each defendant] need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review." Id. at 330 (internal quotation marks omitted). Thus, a conclusory statement that a specific sentence is the proper one does not satisfy the district court's responsibilities. Id. at 328-29. In addition, we cannot presume that the district court adopted the arguments of one of the parties while imposing sentence; an appellate court may not guess at the district court's rationale. Id. at 329-30.

Here, the district court provided an extensive explanation prior to sentencing Cottrell. Having recognized the Guidelines range was 140 to 175 months, the court explained that

9

it had to impose a sentence that was not greater than necessary to satisfy § 3553(a). The court acknowledged Cottrell's extensive criminal history, which began at age fifteen and continued until, and even after, his arrest for the underlying offense at the age of twenty-six. The court highlighted the need for a sentence that would deter Cottrell from criminal activity, as his prior sentences and periods of probation had had no deterrent effect. The court also explained that Cottrell's offenses had been serious, and that even after being arrested on federal charges he committed a felony while on bond. The court stated that Cottrell's actions indicated that he had "little intention of changing his behavior or becoming a law abiding, productive member of society." Although the court acknowledged the arguments made by Cottrell's counsel, it found that Cottrell's past indicated that he would be a danger to society when released, and "that the nature and circumstances of the offense, as well as in particular the history and characteristics of [Cottrell]," warranted a sentence above the Guidelines range in order "to reflect the seriousness of [Cottrell's] crime" and "to protect the public from further crimes" by him. Accordingly, the court imposed a sentence of 180 months.

Despite Cottrell's contentions, we conclude the district court's sentence constituted a variance from Cottrell's

Guidelines range rather than a departure.[*]  We further conclude that the court adequately explained the rationale for the chosen sentence, both orally and in writing.

Here, the district court expressly relied on the § 3553(a) factors in sentencing Cottrell and in explaining the above-Guidelines sentence, focusing on Cottrell's history and characteristics, and the need for the sentence to deter criminal conduct and protect the public.  In the written statement, the court again noted that it was sentencing Cottrell to an above-Guidelines sentence based on the § 3553(a) factors, specifically "the nature and circumstances of the offense and the history and characteristics of the defendant," and "to protect the public from further crimes" by Cottrell.  The court also noted Cottrell's high likelihood of recidivism based on his prior criminal conduct.  To the extent that the court referenced Cottrell's juvenile convictions, it did so only in terms of explaining the sentence pursuant to the § 3553(a)(1) factor of the history and characteristics of the defendant.  The court did

---

[*] The Supreme Court in Irizarry v. United States, 553 U.S. 708, ___, 128 S. Ct. 2198, 2202-03 (2008), explained that the terms "variance" and "departure" are distinct.  A departure "is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines."  Id. at 2202.  A variance, on the other hand, is a non-Guidelines sentence "justified under the sentencing factors set forth in 18 U.S.C. § 3553(a)."  Id. at 2203.

not use these convictions to calculate Cottrell's criminal history because the increased sentence was, as noted, based on a variance and not a departure. Accordingly, we hold that the court properly relied on the § 3553(a) factors to explain the sentence and variance, both at the sentencing hearing and in the written statement of reasons. Thus, there was no procedural error by the court in its explanation of Cottrell's sentence.

Accordingly, we affirm Cottrell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

12