**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4047**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

KASANDRA FAITH DODRILL,

    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:15-cr-00067-IMK-MJA-3)

Submitted: September 15, 2016   Decided: October 6, 2016

Before TRAXLER, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kasandra Faith Dodrill received a four-month sentence after pleading guilty pursuant to a plea agreement to maintaining a drug-involved premises, and aiding and abetting such conduct, in violation of 21 U.S.C. § 856(a)(1) (2012) and 18 U.S.C. § 2 (2012). She appeals.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no legally nonfrivolous issues, but raising for the court's consideration whether (1) the district court erred by not reducing Dodrill's offense level by two levels for acceptance of responsibility; (2) the Government breached the plea agreement by not recommending that Dodrill receive a two-level reduction for acceptance of responsibility and misled Dodrill into believing that she would get credit for acceptance of responsibility if she voluntarily revoked her pretrial release; and (3) counsel was ineffective for promising Dodrill that she would receive credit for acceptance of responsibility. Dodrill was notified of the opportunity to file a pro se supplemental brief, but did not do so. The Government did not file a brief.

We review a sentence's procedural and substantive reasonableness for an abuse of discretion. United States v. Howard, 773 F.3d 519, 527-28 (4th Cir. 2014). We first review for procedural errors such as improper calculation of the

2

Sentencing Guidelines range, failure to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, selection of a sentence based on clearly erroneous facts, id. at 528, or failure to adequately explain the sentence, Gall v. United States, 552 U.S. 38, 51 (2007). Absent any procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Howard, 773 F.3d at 528 (internal quotation marks omitted). Sentences within or below a properly calculated Guidelines range are presumed substantively reasonable, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Because Dodrill did not raise an objection at sentencing, we review for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, an appellant must show: (1) error; (2) that was plain; and (3) that affected her substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013). If all three conditions are met, this court may exercise its discretion to notice the error, but only if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Johnson v. United States, 520 U.S. 461, 467 (1997).

We conclude there was no error in the district court's decision not to give Dodrill an adjustment for acceptance of responsibility. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993) (concluding defendant's continued drug use after pleading guilty was sufficient reason to deny credit for acceptance of responsibility). We further conclude that there is no evidence that the Government breached the plea agreement or failed to fulfill a promise to request that Dodrill receive credit for acceptance of responsibility.

Finally, claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless an attorney's ineffectiveness conclusively appears on the face of the record. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because it does not conclusively appear on the record that counsel was ineffective for allegedly promising Dodrill that she would receive credit for acceptance of responsibility, this claim must be raised in a § 2255 motion.[*]

---

[*] We take no position on the merits of such an argument.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Dodrill's conviction and sentence. This court requires that counsel inform Dodrill, in writing, of the right to petition the Supreme Court of the United States for further review. If Dodrill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dodrill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>