**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4243**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

LONNIE OWENS, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:15-cr-00290-WO-1)

Submitted:  October 18, 2016          Decided:  November 3, 2016

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Clifton Thomas Barratt, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Owens, Jr., pled guilty to being a felon in possession of a firearm, under 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Owens to 105 months' imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in denying Owens a reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(a) (2015).

To earn an acceptance-of-responsibility reduction, the defendant must prove to the district court by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). This Court reviews the district court's denial of the acceptance-of-responsibility adjustment for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). "Great deference" is given to the district court's decision because "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." Id. (brackets and internal quotation marks omitted).

A guilty plea alone does not automatically entitle a defendant to a reduction for acceptance of responsibility. Id. Indeed, district courts consider several factors in the USSG

§ 3E1.1 analysis, including a defendant's postarrest and postplea criminal conduct. Id. at 240; United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993); see USSG § 3E1.1. cmt. n.1 (listing factors to be considered by district court in acceptance of responsibility analysis).

After hearing testimony from several witnesses at Owens' sentencing hearing, the district court found that Owens had committed criminal conduct after his arrest and his guilty plea hearing. Evidence introduced at sentencing established that Owens assaulted and robbed an elderly man of his prescription medication while on pretrial release for this offense and again possessed a firearm, which he discharged at a vehicle, ten days after pleading guilty to this offense. Therefore, the district court denied Owens an adjustment for acceptance of responsibility. Having reviewed the record, we conclude that the district court did not clearly err in determining that Owens was not entitled to a reduction for acceptance of responsibility.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Owens, in writing, of the right to petition the Supreme Court of the United States for further review. If Owens requests that a petition be filed, but

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Owens.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4